**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Case Nos.   13-20042-01-CM (Criminal) |
| v. | )                       14-2415-CM (Civil) |
| | ) |
| **PETE DAVIS, JR.,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

Defendant Pete Davis, Jr. brings a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 57). Defendant pleaded guilty to transporting animals for participation in animal fighting ventures. The court imposed a sentence of sixteen months' imprisonment and also ordered defendant to pay for the care of the animals until the moment he forfeited his interest in them. To pay for the care, the court entered a personal money judgment against defendant in the amount of $430,919.40. Defendant claims that the personal money judgment is an unconstitutional form of restitution, but he does not otherwise challenge his conviction or term of imprisonment. Because defendant does not seek release from imprisonment, he is not entitled to habeas relief.

Prisoners convicted and sentenced under federal law can file a motion to vacate, set aside, or correct the sentence when:

> [they claim] *the right to be released* upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a) (emphasis added).

Here, defendant argues that the statute under which he was sentenced is unconstitutional. But the problem with defendant's request is that he does not claim a right to be released. Rather, he challenges the non-custodial portion of his sentence. Section 2255 does not offer relief from a money judgment. *Dias v. United States*, Nos. 09-40034, 13-40039, 2014 WL 958034, at *1 (D. Mass. Mar. 11, 2014) (holding that § 2255 does not provide relief from a money judgment); *cf. United States v. Finze*, 428 F. App'x 672, 677 (9th Cir. 2011) (holding that a forfeiture challenge is not a cognizable § 2255 claim); *Smullen v. United States*, 94 F.3d 20, 25–26 (1st Cir. 1996) (holding that a prisoner may not claim a right to reduced restitution through § 2255). Because defendant only challenges the money-judgment portion of his sentence, habeas relief is not proper.

**IT IS THEREFORE ORDERED** that defendant Pete Davis, Jr.'s Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 57) is denied.

Dated this 12th day of August, 2015, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**